IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY HAMILTON,

    Plaintiff,

vs.                                    No. CIV-00-671 JC LFG

LEA COUNTY, LEA COUNTY
CORRECTIONAL FACILITY, WACKENHUT
CORRECTIONS CORPORATION, WARDEN
ERASMO BRAVO, OFFICER ANDRES PACHECO, LT.
MANUEL GUERRA, JOHN DOE I, JOHN DOE II, and
JOHN DOE III, individually,

    Defendants.

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**COMES NOW**, Plaintiff Anthony Hamilton, by and through his counsel of record Toulouse & Associates, P.A., and hereby submits his Initial Proposed Findings of Fact and Conclusions of Law and respectfully requests the Court to adopt such Findings of Fact and Conclusions of Law and any such other findings of fact and conclusions of law Plaintiff submits following the trial of this case.

**INITIAL PROPOSED FINDINGS OF FACT**

1.     On April 8, 1999, Anthony Hamilton was beaten by members of the Willacy Correctional Emergency Response Team (hereinafter "CERT").

2.     Officer Andres Pacheco was one of the members of the Willacy CERT who beat Anthony Hamilton on April 8, 1999.

3.     Officer Luis Leyva was one of the members of the Willacy CERT who beat Anthony



1

Hamilton on April 8, 1999.

4. Officer Eduardo Ruiz was one of the members of the Willacy CERT who beat Anthony Hamilton on April 8, 1999.

5. Luis Leyva and Eduardo Ruiz were employees of Wackenhut Corrections Corporation on April 8, 1999.

6. During the April 8, 1999 beating, Anthony Hamilton's hands were handcuffed behind him.

7. Anthony Hamilton was kicked in the back and knocked face down on his cell floor, while Officers Pacheco, Leyva and Ruiz continued to kick him.

8. Officer Andres Pacheco placed Anthony Hamilton in a choke hold during the beating.

9. Lt. Manuel Guerra observed and supervised the officers beating Anthony Hamilton, and did nothing to stop the attack.

10. Officers Pacheco, Leyva, and Ruiz beat Anthony Hamilton in retaliation for his perceived involvement in an inmate uprising which took place at the Lea County Correctional Facility on April 6, 1999.

11. In addition to Anthony Hamilton, members of the Willacy CERT beat other inmates, carrying out a plan to retaliate against inmates who were believed to play a role in the April 6, 1999 uprising.

12. Members of the Willacy CERT, including Officers Pacheco, Leyva, and Ruiz, executed their plan of retaliation against the inmates who they believe played a role in the April 6, 1999 uprising by beating each of them in the same or in a similar manner.

13. Anthony Hamilton was physically injured as a result of the beating on April 8, 1999.

14. Anthony Hamilton suffered emotional distress as a result of the beating on April 8, 1999.

15. Anthony Hamilton requested medical treatment as a result of the injuries he sustained, particularly because he was urinating blood.

16. Erasmo Bravo acted with deliberate indifference to Anthony Hamilton's right to medical treatment by declining his request for medical treatment.

17. Anthony Hamilton filed grievances complaining of the April 8, 1999 beating and the denial of medical treatment.

18. Anthony Hamilton's grievances were denied.

18. Defendant Lea County did not operate or maintain the Lea County Correctional Facility in a reasonable manner.

19. Defendant Lea County failed to provide an adequately trained and supervised staff to operate and maintain Lea County Correctional Facility.

20. Defendant Lea County permitted the existence of a dangerous condition on the facility's premises in the form of violent and unreasonable corrections officers.

21. Defendant Lea County's unreasonable operation and maintenance of the Lea County Correctional Facility proximately caused Anthony Hamilton to sustain injuries at the hands of Willacy CERT members.

22. Wackenhut Corrections Corporation did not provide adequately trained and qualified personnel to the Lea County Correctional Facility.

23. Lea County and Wackenhut Corrections Corporation knew or should have known of Officer Pacheco's, Officer Leyva's, and Officer Ruiz' propensity for violent and unreasonable behavior against inmates.

24. Defendants acted with deliberate indifference to Anthony Hamilton's constitutional right

to be free from cruel and unusual punishment; namely the unjustified and unreasonable beating he received on April 8, 1999.

25. Defendants acted with deliberate indifference to Anthony Hamilton's Fourteenth Amendment liberty interest in personal security.

26. Officer Andres Pacheco intentionally used physical force against Anthony Hamilton in anger and with the intent to injure Anthony Hamilton.

27. Officer Luis Leyva intentionally used physical force against Anthony Hamilton in anger and with the intent to injure Anthony Hamilton.

28. Officer Eduardo Ruiz intentionally used physical force against Anthony Hamilton in anger and with the intent to injure Anthony Hamilton.

29. Lt. Manuel Guerra held a supervisory position over Officer Andres Pacheco, Officer Luis Leyva, and Officer Eduardo Ruiz.

30. Lt. Guerra authorized his subordinate officers' use of physical force against Anthony Hamilton on April 8, 1999.

31. Officer Andres Pacheco's, Officer Luis Leyva's and Officer Eduardo Ruiz' use of physical force against Anthony Hamilton on April 8, 1999 was unreasonable and unjustified.

## INITIAL PROPOSED CONCLUSIONS OF LAW

1. Defendant Lea County's immunity under the New Mexico Tort Claims Act has been waived pursuant to Sec. 41-4-6 of that Act, which waives immunity for the operation and maintenance of a public building.

2. This United States District Court for the District of New Mexico has jurisdiction over Anthony Hamilton's New Mexico state law claims through exercise of its pendant

jurisdiction.

3. The United States District Court for the District of New Mexico has jurisdiction to hear Anthony Hamilton's federal civil rights claims pursuant to 28 U.S.C. Sec. 1331.

4. Defendant Lea County had a duty to Anthony Hamilton to reasonably operate and maintain the Lea County Correctional Facility.

5. Defendant Lea County breached its duty to operate and maintain the Lea County Correctional Facility by permitting unreasonably dangerous and violent corrections officers to work at the Facility.

6. Defendant Lea County's breach of its duty to operate and maintain the Lea County Correctional Facility in a reasonable manner proximately caused Anthony Hamilton to suffer physical and emotional injuries.

7. Wackenhut Corrections Corporation had a duty to Anthony Hamilton to reasonably provide staffing to the Lea County Correctional Facility.

8. Wackenhut Corrections Corporation breached its duty to Anthony Hamilton to reasonably provide staffing to the Lea County Correctional Facility by failing to adequately train and supervise qualified personnel to work at the Facility.

9. Wackenhut Corrections Corporation's failure to reasonably provide staffing to Lea County Correctional Facility was both negligent and reckless.

10. Wackenhut Corrections Corporation's breach of its duty to reasonably provide staffing to the Lea County Correctional Facility proximately caused Anthony Hamilton to suffer physical and emotional injuries.

11. Officer Andres Pacheco, Officer Luis Leyva, Officer Eduardo Ruiz, Erasmo Bravo, and

Lt. Manuel Guerra were acting within the scope and course of their duties as employees of Wackenhut Corrections Corporation on April 8, 1999.

12. Wackenhut Corrections Corporation, Lea County, Erasmo Bravo, Andres Pacheco, Manuel Guerra, Luis Leyva, and Eduardo Ruiz violated Mr. Hamilton's constitutional rights in violation of 42 U.S.C. Sec. 1983.

13. Officer Andres Pacheco committed battery against Anthony Hamilton.

14. Officer Luis Leyva committed battery against Anthony Hamilton.

15. Officer Eduardo Ruiz committed battery against Anthony Hamilton.

16. Wackenhut Corrections Corporation is vicariously liable for its employees beating Anthony Hamilton.

17. Defendants' negligent and deliberate acts proximately caused Anthony Hamilton to sustain injuries.

18. Judgment is entered in favor of Plaintiff Anthony Hamilton.

19. Anthony Hamilton is entitled to compensatory damages against all Defendants.

20. Anthony Hamilton is entitled to punitive damages against Defendants Wackenhut Corrections Corporation, Andres Pacheco, Manuel Guerra, and Erasmo Bravo.

21. Anthony Hamilton is entitled to attorney's fees and costs.

22. Anthony Hamilton is entitled to pre- and postjudgment interest.

Respectfully submitted,

TOULOUSE & ASSOCIATES, P.A.

*[signature]*
Holly R. Harvey
2403 San Mateo Blvd. NE
Suite 9-West
Albuquerque, New Mexico 87110
(505) 884-5000

I hereby certify that a true and accurate
copy of the foregoing pleading was mailed
this 4th day of October, 2001 to opposing
counsel, Mark T. Sanchez,
via first class mail, to the following
address: Gary Don Reagan, P.A., P.O. Box 770,
Hobbs, New Mexico 88241-0770.

By *[signature]*
Holly R. Harvey